

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Tucker
Executive Secretary
Game, Fish and Oyster Commission
Austin, Texas

Dear Mr. Tucker:

Opinion No. O-5083

Re: Construction of H.B. 38,
48th Legislature, Reg. Session

We have your opinion request of February 5, 1943, which reads as follows:

"House Bill 38, 48th Legislature, in its section 11 provides an open season for 'fishing in Lake Travis and Lake Austin in Travis County from the first of May to the last day of February of any year'. It provides that during this period that 'fishing tackle or gear may be had (possessed)', and Section 1 of said bill provides that fishing tackle or gear may not be possessed at any time except that provided. It does not appear clear that the possession of fishing tackle or gear ready for use would be permitted on said lakes during the months of March and April, or does it make this clear?

"Although Section 2 of said Act makes it lawful to fish in Lake Travis and Lake Austin, and whereas the Act provides for repeal of laws in conflict, Section 1 of House Bill 1028, Regular Session, 45th Legislature, provides that it is unlawful to take any 'fresh water black bass, white bass or crappie (commonly called white perch) from any of the waters of Travis County during the months of February, March and April, and it shall be unlawful to use any artificial lures in the waters of Travis County during the months of February, March and April'. Although we have publicly expressed our opinion that this section of House Bill 1028 is not in conflict with House Bill 38,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

48th Legislature, and that, therefore, it is
unlawful during the months of February, March
and April to take black bass, white bass or
crappie from said lakes or to fish for same
with artificial lures, we shall appreciate
your advice in reference to this question,
and assure you that as soon as such advice is
received that we shall abide by any decisions
you may have reached in reference to this matter."

It might be asserted with some force that H. B.
1028, Regular Session, 45th Legislature, deals with specific
and particular fish, whereas H. B. 38, Regular Session, 48th
Legislature, is general in its nature, thus making appli-
cable the rule laid down in Flowers v. Pecos River R. Co.,
decided by the Supreme Court of Texas and reported in 156
S. W. (2nd) 260, where it is stated "that the enactment
of a general law does not automatically operate as a repeal
of a particular or special law, by implication, and this
is true although both laws relate to the same subject
matter . . . stated in another way, the particular act
is construed as the exception to the general law."

However, the instant case is distinguishable,
for H. B. 38, Regular Session, 48th Legislature, is in-
tended to cover all the law upon the subject with which
it deals. This is immediately apparent from a reading
of the bill as it defines and regulates all things con-
cerned with fishing in Lake Travis and Lake Austin and
the emergency clause recites, "there are no adequate
laws relating to the taking of fish from Lake Travis in
Travis County and Lake Austin in Travis County . . ."

We quote from 39 Texas Jurisprudence, Statutes,
Section 80, pp. 148, 149:

"Where it is apparent that a statute is
intended to embrace all the law upon the subject
with which it deals, it repeals all former laws
related to the same subject. Under this rule, a
statute that covers the subject matter of former
law and is evidently intended as a substitute for
it, although containing no express words to that
effect, operates as a repeal of the former law to
the extent that its provisions are revised and
its field freshly covered. Accordingly, parts of

the original act that are omitted from the new legislation are to be considered as annulled. If the later act is clearly intended to prescribe the only rules which should govern, it repeals the prior statute, although the two are not repugnant."

In accord with this statement are First National Bank v. Lee County Cotton Oil Company, 274 S. W. 127 (Tex. Comm. App.) where the authorities are collated; Meek v. Wheeler County, 135 S. W. (2nd) 831 affirmed in 144 S. W. (2nd) 885; Luse v. City of Dallas, 131 S. W. (2nd) 1079, writ of error refused; Commercial Credit Company v. American Manufacturing Company, 155 S. W. (2nd) 834, writ of error refused.

The cardinal rule of statutory construction is to give effect to the legislative intent if it can be ascertained. Another rule of identical rank is that the legislature intended to effect some purpose in enacting a statute; thus a statute should be given a construction which will carry out the purposes for which it was enacted and not in such a manner as to nullify and defeat its purpose. Brazos River Conservation and R. District v. Costello, 143 S. W. (2nd) 577, 135 Texas 307.

Applying these principles to the instant situation we find that the present legislature intended in H. B. 36, Section 2, to provide for an open season on all fish during the month of February. This further is made evident in Section 3 of said bill which provides for the use of artificial lures during the open season. To decide that fresh water black bass, white bass, or crappie (commonly called white perch) could not be caught by reason of the provisions of H. B. 1028, Regular Session, 45th Legislature, would be to decide that the Legislature had no purpose whatever in passing H. B. 36.

You are therefore advised that fresh water black bass, white bass or crappie (commonly called white perch) may be taken from the waters of Lake Travis and Lake Austin in Travis County during the month of February and that artificial lures may be used to take such fish.

Honorable William J. Tucker - Page 4


We believe the foregoing satisfactorily answers the second question in your communication. In view of the number of people who have expressed an interest in our answer to your second question and in view of the short period of time available for preparation of this opinion, we are not at this time answering the first question asked by you, which will require further study but which will not affect the answer to your second question, and a supplemental opinion will be forwarded to you just as soon as we have an opportunity to go into the matter further.

Very truly yours

APPROVED FEB 6, 1945    ATTORNEY GENERAL OF TEXAS

s/ Grover Sellers

FIRST ASSISTANT         By    /s Woodrow Edwards
ATTORNEY GENERAL              Woodrow Edwards
                              Assistant

WE:FS

APPROVED
Opinion
Committee

By O.S.
Chairman